Industrial Trust Company
vs.     No. 90006.
Harold D. Feuer

July 21, 1933.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is an action on a promissory note brought by the holder, in this case the original payee, against an endorser.

The defence was that the delivery of the note with this defendant's endorsement upon it was on condition that a second person should also endorse and that since that condition was never fulfilled there was no liability as to this defendant.

The signature was not questioned and the plaintiff, by the production of the note and by some additional testimony as to notice, etc., made a prima facie case against the defendant.

The question now arises whether the defendant has borne the burden imposed upon him of proving the defence set up in his special plea.

It appears that Guilfoyle & Co., Inc., a corporation of which James A. Guilfoyle was treasurer, in July, 1928, was heavily indebted to Industrial Trust Company for money that it had borrowed from the latter's branch located in the City of Woonsocket. In an attempt to take care of a part of that indebtedness, James A. Guilfoyle desired to give to the bank the corporation's promissory note for $8,000. The note was endorsed by himself, but at that time his signature was of no financial worth and as a practical matter added nothing to the note. The name of Mr. Bonin was suggested by Guilfoyle but he was not acceptable at that time to the bank. Later the name of Harold D. Feuer, of Worcester, was submitted. Mr. Feuer had accommodated Guilfoyle with loans of money on many occasions, apparently out of friendship for him, and on June 29th, a few days before the note in question was endorsed by him, had given to Guilfoyle his check for $3,000. On July 5, 1928, according to the testimony of Feuer, he and Guilfoyle met Mr. Rounds, Assistant Manager of the bank, in the latter's private office. Feuer's testimony in reference to what occurred at that conference at least tended to show that there was to be another endorser on the note and that it was on such an understanding that he placed his own name upon the note.

Guilfoyle's testimony on this feature of the case is substantially the same as Feuer's.

Frederick W. Rounds testified that Guilfoyle had at an earlier time suggested the name of Bonin as an endorser and at that time had been told that he was not acceptable; that Mr. Bonin's name was not mentioned afterward.

Mr. Bonin himself testified that Guilfoyle had never asked him to endorse a note for him.

It is unnecessary and impossible in a brief rescript to go into every detail of the testimony of each of the important witnesses, but the Court thinks that the jury, upon all of the evidence, was not justified in giving any weight to the testimony of Guilfoyle. Considering the evidence of Feuer, Rounds and Bonin, the Court thinks that it cannot be said that the defendant has established its plea by a fair preponderance of the credible testimony. It is quite probable that Guilfoyle mentioned the name of Bonin to Feuer, but the Court thinks that it has not been fairly established that it was agreed and accepted by the bank that Feuer's endorsement should be received as a conditional and not as an absolute endorsement. Considering the history and the manner of use of commercial paper such a defence as is interposed here should be clearly proved if it is to prevail.

After hearing the case it is easy to understand that the jury may well have felt that the bank, in extending its credit to Guilfoyle, had not exercised the conservatism which is desirable in a bank, and also that Feuer had suffered grievously at the hands of his friend Guilfoyle.

After seeing the witnesses, hearing their testimony, and reviewing the same, the Court has very definitely reached the conclusion that the verdict of the jury is against the weight of the evidence and does not "administer substantial justice to the parties in the case", (*McMahon* vs. *The Rhode Island Company*, (1911), 32 R. I. 237 at 241), and plaintiff's motion for a new trial is therefore granted.

For plaintiff: John R. Higgins.

For defendant: Curran, Hart, Gainer & Carr.